**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTINE SAVA and<br>MITCHELL SAVA, w/h<br>1015 E. Southampton Avenue<br>Glenside, Pennsylvania 19038<br><br>v.<br><br>TOMMY BAHAMA R&R<br>HOLDINGS, INC.<br>400 Fairview Avenue North, Suite 488<br>Seattle, Washington 98109<br><br>and<br><br>TOMMY BAHAMA GROUP, INC.<br>999 Peachtree Street NE, Suite 688<br>Atlanta, Georgia 30309<br><br>and<br><br>OXFORD INDUSTRIES, INC.<br>999 Peachtree Street NE, Suite 688<br>Atlanta, Georgia 30309<br><br>and<br><br>JOHN DOE 1-3, JANE DOE 1-3<br>ABC CORPORATIONS<br>and XYZ CORPORATIONS | : | CIVIL ACTION NO.<br><br>**COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION COMPLAINT

## THE PARTIES

1. Plaintiff, Christine Sava (hereinafter referred to as "Plaintiff" and/or "Sava"), is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, residing at 1015 E. Southampton Avenue, Glenside, Pennsylvania 19038.

2. Plaintiff, Mitchell Sava (hereinafter referred to as "Plaintiff-Husband" and/or "Mr. Sava"), is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, residing at 1015 E. Southampton Avenue, Glenside, Pennsylvania 19038, and at all times relevant hereto was, and is, the lawful husband of Plaintiff, Christine Sava.

3. Upon information and belief, Defendant, Tommy Bahama R&R Holdings, Inc. (hereinafter referred to as "Tommy Bahama" and/or collectively with the other defendants as "Defendants"), is a corporation, alter ego or other business entity, authorized to do business in the Commonwealth of Pennsylvania, with a principal place of business and address for service of process at 400 Fairview Avenue North, Suite 488, Seattle, Washington 98109, which at all times relevant hereto owned, operated, managed, maintained, possessed and/or controlled the Tommy Bahama Restaurant located at 350 Mall Boulevard #3051, King of Prussia, Pennsylvania 19406 (hereinafter the "Premises").

4. Upon information and belief, Defendant, Tommy Bahama Group, Inc. (hereinafter referred to as "Tommy Bahama Group" and/or collectively with the other defendants as "Defendants"), is a Delaware corporation, alter ego, affiliate or other business entity, authorized to do and doing business in the Commonwealth of Pennsylvania, with a principal place of business and address for service of process at 999 Peachtree Street NE, Suite 688, Atlanta, Georgia 30309, which at all times relevant hereto owned, operated, managed, maintained, possessed and/or controlled the Premises.

5. Upon information and belief, Defendant, Oxford Industries, Inc. (hereinafter referred to as "Oxford" and/or collectively with the other defendants as "Defendants"), is a corporation, alter ego, parent, umbrella corporation or other business entity, authorized to do and doing business in the Commonwealth of Pennsylvania, with a principal place of business and address for service

of process at 999 Peachtree Street NE, Suite 688, Atlanta, Georgia 30309, which at all times relevant hereto owned, controlled, directed, managed and/or exercised control over Defendant Tommy Bahama and the operation, maintenance and safety policies of the Premises.

6. Defendants, John Doe 1-3, are individuals, fictitious names, agents, servants, workmen and/or employees, including but not limited to the manager identified as "Chris" and the bartender identified as "Kelsey," acting in the course and scope of their employment and/or agency for the named Defendants, jointly, severally and/or individually, engaged in the business of operating, managing, inspecting, maintaining, guarding, clearing and cleaning the floors and walkways of the Premises, including but not limited to providing warnings and the removal of slip hazards, spills and wet floors, whose full identities are presently unknown after reasonable investigation.

7. Defendant, ABC Corporations, is a fictitious name for a corporation, partnership, contractor or other business entity whose identity is presently unknown after reasonable investigation, which, upon information and belief, was retained to provide and did provide cleaning, janitorial, floor-care and/or maintenance services at the Premises, including but not limited to inspecting, mopping, cleaning and drying the floors and providing warnings of wet floors.

8. Defendants, XYZ Corporations, are entities whose identities are presently unknown after reasonable investigation who are predecessors and/or successors in interest, members, alter egos, affiliates and/or umbrella corporations to the named Defendants.

9. Plaintiffs allege that an insufficient amount of time has passed within which to determine the identity of any other persons or business entities who may be responsible for the causation of the accident.

## JURISDICTION

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States."

11. Venue over this action is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), in that it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. At all times relevant hereto, Defendants, jointly, severally and/or individually, acted or failed to act by and through their respective agents, ostensible agents, servants, workmen and/or employees, who were then and there acting within the scope of their authority and course of their employment with Defendants, herein, in furtherance of Defendants' business and on Defendants' behalf.

13. On or about March 28, 2025, at approximately 4:50 p.m., Plaintiff, Christine Sava, was a business invitee of Defendants at the Premises, located at the Tommy Bahama Restaurant located at 350 Mall Boulevard #3051, King of Prussia, Pennsylvania 19406, for the purpose of dining at the Tommy Bahama Restaurant. Upon entering the Premises, Plaintiff was escorted by Defendants' manager, identified as "Chris," through the bar area to her table when she was caused to slip and fall to the ground due to a dangerous and defective condition, specifically, a wet, slippery and damp hard-surfaced floor, maintained within an area frequented by business invitees and members of the general public. As a result, Plaintiff, Christine Sava, sustained severe and grievous injuries, as more fully set forth herein.

14. At all times relevant and material hereto, Defendants, jointly, severally and/or individually, owned, controlled, possessed, operated, occupied the subject premises and owed a duty to its business invitees to inspect, maintain, supervise and guard the subject premises.

15. Defendants jointly, severally and/or individually had created and/or had actual notice and/or constructive notice of and should have known by the exercise of reasonable care, of the existence of the wet and slippery surface and the dangerous condition it created or permitted to be created at a sufficient time prior to Plaintiff's fall.

16. Defendants, jointly, severally and/or individually, owed a duty to warn, guard and/or correct the hazard so as to protect Plaintiff and its business invitees against the dangerous condition.

17. At all times material hereto, Defendants, jointly and/or severally and/or individually acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants herein, jointly and/or severally, in furtherance of their business and on their behalf.

18. At all times material hereto, the aforesaid accident was caused solely by the negligence and carelessness of Defendants, jointly, severally and/or individually, and was in no manner whatsoever due to any act or omission of Plaintiff, Christine Sava.

## COUNT I
## PLAINTIFF, CHRISTINE SAVA v. ALL DEFENDANTS

19. Plaintiff incorporates by reference herein the allegations set forth in the averments of paragraphs one (1) through eighteen (18) of this Complaint, inclusive, as if set forth herein at length.

20. The negligence and carelessness of Defendants, jointly, severally and/or individually, consisted of the following:

a) Allowing and causing a wet and slippery substance to exist on the floor of the bar area of the Premises, which created a dangerous and defective condition which Defendants knew or should have known of by the exercise of reasonable care;

b) Creating the dangerous condition by wiping, mopping and/or cleaning the floor throughout the day without drying the floor or warning business invitees;

c) Failing to correct said dangerous and defective condition of which Defendants knew or should have known and which constituted a danger to business invitees lawfully thereon, especially Plaintiff herein;

d) Failing to keep and maintain the Premises in a reasonably safe condition for use by business invitees, especially Plaintiff herein;

e) Failing to give warning or notice of the existence of the dangerous and defective condition, including failing to place "wet floor" signs, cones or barriers in the area;

f) Escorting Plaintiff across a wet and slippery floor without warning her of the condition or directing her along a safe route;

g) Failing to provide and maintain a safe and proper route of travel for Plaintiff and other persons lawfully upon the Premises;

h) Disregarding the rights and safety of Plaintiff;

i) Failing to have sufficient personnel to inspect, monitor, clean and/or maintain the Premises;

j) Failing to inspect the Premises at reasonable intervals in order to determine the condition thereof;

k) Failing to guard against a hazard which Defendants knew and/or should have known of under the circumstances, including a recurring condition which had previously caused similar incidents;

l) Failing to provide adequate matting, slip-resistant flooring and/or other traction-providing measures in an area Defendants knew to be subject to wet conditions;

m) Failing to document inspections and/or schedule inspections to prevent the existence of slip and fall hazards on the Premises;

n) Failing to repair, fix or cure the aforesaid dangerous condition;

o) Violating the applicable ordinances, statutes, codes and/or building codes of the Commonwealth of Pennsylvania;

p) Failing to exercise reasonable care in the watering and maintenance of plants on its premises so as to prevent water from accumulating on the floor and creating a slipping hazard to patrons and invitees;

q) Failing to inspect the area surrounding the plant to discover and remedy the accumulation of water on the floor;

r) Failing to promptly clean, dry, or otherwise remedy the accumulated water;

s) Failing to have adequate drip trays, planters, barriers, or other safeguards beneath or around the plant to contain excess water; and

t) Negligence at law.

21. As a result of the negligence and carelessness of Defendants, herein, individually, jointly and/or severally, Plaintiff, Christine Sava, was caused to sustain injuries to the bones, joints, muscles, tendons, ligaments, nerves, blood vessels and soft tissues throughout her body, including,

but not limited to: a closed avulsion fracture of the distal left fibula (closed nondisplaced fracture of the lateral malleolus of the left fibula); left ankle sprain; disc herniation at C5-C6; disc herniations at L4-L5 and L5-S1; thoracic sprain and strain; right knee injury; severe migraine headaches associated with cervical spine injury; and related sequelae, all of which said injuries have, in the past, and will, in the future, cause Plaintiff great pain and suffering, a serious impairment of her bodily functions, and all of which are or may be permanent in nature.

22. As a further result of this accident, Plaintiff, Christine Sava, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses. To date, Plaintiff has incurred medical charges in the approximate amount of **$45,253.04** and may be required to continue to expend such sums or incur such expenditures for an indefinite period of time in the future, including but not limited to future physical therapy, pain management, follow-up care, possible surgical intervention, and medical equipment and accommodations.

23. As a direct and reasonable result of the accident, Plaintiff, Christine Sava, has or may hereafter incur other financial expenses, including but not limited to healthcare liens and reimbursement and subrogation interests asserted by Medicare and/or Medicare Advantage organizations pursuant to the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b), and by other health insurers, which do or may exceed amounts which she may otherwise be entitled to recover, some or all of which are fully recoverable herein.

24. As a further result of this accident, Plaintiff, Christine Sava, has or may suffer a loss and/or impairment of her earning capacity and power, to her great detriment and loss.

25. As a further result of the accident, Plaintiff, Christine Sava, has suffered severe physical pain, mental anguish, emotional distress, humiliation, loss of independence, and a loss of life's pleasures, and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, Christine Sava, demands judgment in her favor and against Defendants, jointly, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs.

**COUNT II –**
**PLAINTIFF, CHRISTINE SAVA v. TOMMY BAHAMA R&R HOLDINGS, INC., TOMMY BAHAMA GROUP, INC., OXFORD INDUSTRIES, INC., ABC CORPORATIONS AND XYZ CORPORATIONS**

26. Plaintiff reavers and incorporates by reference all of the allegations of paragraphs one (1) through twenty-five (25), inclusive, and sets forth the same as though said paragraphs were herein provided in full.

27. At all times relevant hereto, Defendants' manager, identified as "Chris," and Defendants' bartender, identified as "Kelsey," together with John Doe 1-3, were the agents, ostensible agents, servants, workmen and/or employees of Defendants, Tommy Bahama R&R Holdings, Inc., Tommy Bahama Group, Inc., Oxford Industries, Inc., ABC Corporations and/or XYZ Corporations, and were acting within the course and scope of their employment and/or agency and in furtherance of Defendants' business.

28. The negligent acts and omissions of said agents, servants and/or employees, including wiping the floor throughout the day without drying it or posting any warning, failing to warn Plaintiff of the wet floor, and escorting Plaintiff across the wet floor, were committed within the course and scope of their employment and/or agency.

29. Defendants, Tommy Bahama R&R Holdings, Inc., Tommy Bahama Group, Inc., Oxford Industries, Inc., ABC Corporations and/or XYZ Corporations, are vicariously liable for the

negligent acts and omissions of their agents, servants, workmen and/or employees under the doctrines of respondeat superior, agency and/or ostensible agency.

30. As a direct and proximate result of the foregoing, Plaintiff, Christine Sava, sustained the injuries and losses set forth above.

**WHEREFORE**, Plaintiff, Christine Sava, demands judgment in her favor and against Defendants, Tommy Bahama R&R Holdings, Inc., Tommy Bahama Group, Inc., Oxford Industries, Inc., ABC Corporations and XYZ Corporations, jointly, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs.

**COUNT III –**
**PLAINTIFF, CHRISTINE SAVA v. JOHN DOE 1-3, ABC CORPORATIONS AND XYZ CORPORATIONS**

31. Plaintiff reavers and incorporates by reference all of the allegations of paragraphs one (1) through thirty (30), inclusive, and sets forth the same as though said paragraphs were herein provided in full.

32. As a direct and proximate result of the negligence and carelessness of Defendants, John Doe 1-3, ABC Corporations and XYZ Corporations, jointly, severally and/or individually, as described and incorporated herein, Plaintiff, Christine Sava, was caused to sustain the aforementioned injuries and losses.

**WHEREFORE**, Plaintiff, Christine Sava, demands judgment in her favor and against Defendants, John Doe 1-3, ABC Corporations and XYZ Corporations, jointly, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs.

**COUNT IV –**
**PLAINTIFF, MITCHELL SAVA v. ALL DEFENDANTS**
**(LOSS OF CONSORTIUM)**

33. Plaintiffs reaver and incorporate by reference all of the allegations of paragraphs one (1) through thirty-two (32), inclusive, and set forth the same as though said paragraphs were herein provided in full.

34. As a direct and proximate result of the negligence and carelessness of Defendants, herein, jointly and/or severally, Plaintiff, Mitchell Sava, as a spouse of Plaintiff, Christine Sava, has been deprived of the society, companionship, aid, assistance, earnings and earning power and loss of consortium of said spouse, all of which has and may, in the future, continue to cause him great emotional and financial loss and damage.

35. As a further direct and proximate result of Defendants' negligence, Plaintiff, Mitchell Sava, has been or may be required to expend sums of money for the medical care and treatment of his wife and for substitute caregiving and household services.

**WHEREFORE**, Plaintiff, Mitchell Sava, demands judgment in his favor and against Defendants, jointly, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interes and costs.

**JURY DEMAND**

Plaintiffs, Christine Sava and Mitchell Sava, hereby demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38.

**TABAKINWOLFE, LLP**

BY: ______________________________
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. No. 78944
rich@twinjurylaw.com

BY:______________________________
BRAD S. TABAKIN, ESQUIRE
Attorney I.D. No.: 65649
brad@twinjurylaw.com

Office Court at Blue Bell
587 Skippack Pike, Suite 300
Blue Bell, PA 19422
(215) 525-1616 – phone
(215) 525-5858 – facsimile

*Attorneys for Plaintiffs,*
*Christine Sava and Mitchell Sava, w/h*

Date: 11/24/26